Carrie Cobb, Executrix, and B. F. Killiam, Executor, etc., of Isaac W. Cobb, deceased, Appellants, *v.* Serephina Cobb, Executrix, etc., of E. S. H. Cobb, deceased.

*Evidence—Qualification of interested witness—Release of interest.*

Testimony of a witness otherwise clearly inadmissible on the ground of interest, is properly admissible after production of a release under seal absolutely relieving the estate of the decedent from all liability to the witness. The witness having been interrogated as to consideration and motive and the question of credibility being fairly left to the jury.

Argued Jan. 18, 1897. Appeal, No. 38, Jan. T., 1897, by plaintiffs, from judgment of C. P. Lackawanna Co., April T., 1880,

No. 716, on verdict for defendant. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Issue framed on application made April 5, 1895, to open a judgment, entered on a judgment note, the note to stand as declaration with pleas of payment, payment with leave, etc., to which was added the plea of the statute of limitations. Before ARCHBALD, P. J.

The facts sufficiently appear in the opinion of the Superior Court.

*Errors assigned* were (1) In overruling objection of plaintiffs and admitting the evidence of the witness, Ada Jodry, the objection and ruling being as follows :

By the Court : Do I understand you have an objection as to competency ?

By Mr. Wells : We have, yes, sir.

By the Court : On the question of competency of Mrs. Jodry, the will of E. S. H. Cobb being produced shows that the balance of his estate, after the right of dower to his widow, was left to his surviving children, share and share alike.

By Mr. Hulslander : Counsel for defendant offer in evidence a release of her interest given by her to Serephina E. Cobb, and signed by her.

By the Court : Without passing finally upon the question whether the assignment in this case is not colorable, and therefore ineffectual to render the witness competent, I will receive the evidence which is sought to be proved by her, subject to a motion to strike it out subsequently, if it seems necessary.

(2) In refusing to strike out the evidence of Mrs. Jodry.

(3) In admitting in evidence the so-called release of Mrs. Jodry's interest in her father's estate against plaintiff's objection.

Release.—" Know all men by these presents, that I, Ada A. Jodry, of the City of Scranton, County of Lackawanna, and State of Pennsylvania, as well for and consideration of the sum of ten dollars, to me in hand paid by Serephina E. Cobb, of the City of Scranton, County of and state aforesaid, at and before the sealing and delivery thereof, the receipt whereof I do hereby

acknowledge, as for divers other good causes and valuable considerations, me thereunto specially moving, have remised, released, quitclaimed, and forever discharged and by these presents, for myself, my heirs, executors and administrators, do remise, release, quitclaim and forever discharge the estate of E. S. H. Cobb, late of the county aforesaid, deceased, his heirs, executors, administrators, and every of them, in favor of the said Serephina E. Cobb, of and from all, and all manner of action and actions, cause and causes of actions, suits, debts, dues, sum and sums of money, accounts, bonds, bills, covenants, contracts, agreements, promises, judgments, executions, claims and demands, whatsoever, in law and equity or otherwise howsoever, which against the said estate of E. S. H. Cobb, deceased, in favor of said Serephina E. Cobb, I ever had or now have, or which I, my heirs, executors or administrators hereafter can, shall, or may have for, upon, or by reason of any matter, cause, or thing whatsoever, from the beginning of the world to the day of the date of these presents.   In witness whereof, I have thereunto set my hand and seal, this 16th day of April, A. D. 1895.   (Signed) Ada A. Jodry.   (L. S.) "

(4) In admitting the evidence of Gertrude L. Flory against objection of plaintiffs.

Objection : The counsel for the plaintiffs object to the competency of this witness ; she is a party in interest in the estate of E. S. H. Cobb.

By the Court : I overrule the objection.

(5) In the admission of the so-called release by Mrs. Flory in evidence.   (The release being in form the same as that set out in the third assignment.)

(6) In overruling plaintiff's objection to the admission of evidence of Mrs. Gertrude L. Flory under offer of defendant.

Offer : The counsel for the defendant offers to prove by the witness on the stand that sometime during the year 1879 she was present at a conversation between her father, E. S. H. Cobb, and her brother, I. W. Cobb ; at this conversation an agreement to sell was made of the one half interest in a certain property owned by E. S. H. Cobb, known as the mill property, for the consideration of $1,000, and Isaac W. Cobb then and there agreed as a part of the consideration of this transfer of real estate to pay the note of Butler Hamlin upon which judgment

276    COBB et al., Executors, Appellants, v. COBB.

Assignment of Errors—Opinion of the Court. [4 Pa. Superior Ct.

was entered at No. 716, April term, 1880; that she witnessed a deed whereby this transfer of real estate was made.

*Thos. F. Wells,* with him *Chas. R. Pitcher,* for appellants.— Where releases are made, to relatives, in the progress of the case, when it is found that they cannot get on without the help of the testimony it is "colorable" and "an assignment merely colorable shall not divest the title to make the plaintiff a witness:" Post v. Avery, 5 W. & S. 509.

If the assignee of a judgment become the purchaser of it in good faith, relying upon a certificate of "no defense" given by the defendant, there is an end of any defense by the latter for any reason: Scott's Appeal, 123 Pa. 155.

*W. S. Hulslander* and *A. A. Vosburg,* for appellee.—Under the Act of May 23, 1887, P. L. 158, a witness otherwise incompetent may make himself competent by an assignment of his interest, and whether such assignment be in good faith is a question for the court; and the fact that the court permitted such a witness to be sworn is a determination by the court of the good faith of the assignment: Turner v. Warren, 160 Pa. 336; Heft v. Ogle, 127 Pa. 244; Warren v. Steer, 112 Pa. 634.

Whether the release of the person's interest is in good faith or not is a question for the court.

The fact that the court permitted Mrs. Jodry and Mrs. Flory to be sworn was a determination by the court of the good faith of the releases: Turner v. Warren, 160 Pa. 336.

The court said in discharging the rule, "Mrs. Jodry was a competent witness. Her interest under the will of her father, E. S. H. Cobb, was collateral merely, and her release was sufficient to qualify her, her expectation of further benefit, if any, being for the jury in passing upon the credibility of her testimony:" Cornell v. Van Artsdalen, 4 Pa. 364; Carter v. Trueman, 7 Pa. 315; Forrester v. Torrence, 64 Pa. 29; Heft v. Ogle, 127 Pa. 244.

OPINION BY ORLADY, J., April 12, 1897:

On September 2, 1871, E. S. H. Cobb gave to Butler Hamlin a judgment note for $533.21, payable one day after date, which amount was reduced by payments made at different times so as

to leave a balance due thereon of $388, for which a judgment was entered April 3, 1880, to No. 716, April term, 1880.

On August 10, 1880, Butler Hamlin assigned this judgment to Isaac W. Cobb, a son of the defendant, and on the same day E. S. H. Cobb agreed in writing, "that there is due unpaid on the above stated judgment the sum of three hundred and ninety-six and 41/100 dollars and four and 25/100 dollars cost and interest from date, and that I have no set-off either legal or equitable against the same."

An amicable scire facias was filed and judgment entered thereon to No. 504, April term, 1885, and a like judgment entered to No. 569, April term, 1890. January 14, 1895, the death of Isaac W. Cobb was suggested of record and the appellees became the legal plaintiffs.

The same day the executrix of E. S. H. Cobb was substituted on record for the defendant and presented her petition to the court, alleging that the debt represented by this judgment was full paid by E. S. H. Cobb to Isaac W. Cobb, and other matters of defense not important to the disposition of this case.

After a hearing, the judgment was opened and "this issue awarded to be made up by the plaintiff declaring in assumpsit on the note and defendant pleading payment with leave thereto."

On the trial a verdict was returned for the defendant. A rule for a new trial was granted and discharged.

Fourteen assignments of error are presented for our consideration, but the ones affecting the competency of the defendant's witnesses, Mrs. Jodry and Mrs. Flory, daughters of E. S. H. Cobb and sisters of Isaac W. Cobb, will control the judgment as entered on the verdict.

We do not have before us a copy of the will of E. S. H. Cobb to determine the exact interest of these witnesses but find it decided by the court, without exception or denial, that "under their father's will after payment of debts and the right of dower to the widow, the balance of his estate was left to his surviving children—share and share alike."

When Mrs. Jodry, was offered as a witness by the defendant, objection was made to her competency; a release was exhibited to the court under objection, and to determine the good faith of the release the witness was interrogated by the learned trial judge, who held "without passing finally on the question

whether the assignment in this case was not colorable, and therefore ineffectual to render the witness competent, I will receive the evidence which is sought to be proved by her, subject to a motion to strike it out subsequently, if it seems necessary."

The witness was examined at length, and at the conclusion of her cross-examination, counsel for appellees moved to strike out the evidence, which motion was overruled, an exception noted, and bill sealed. (1st, 2d, 3d and 4th assignments of error.) The witness was clearly incompetent without the release, and in accordance with the provisions of section 6, of Act of May 23, 1887, P. L. 158, the trial judge decided, as a preliminary question in favor of the good faith of the release or extinguishment of interest, to enable the witness to become fully competent, and refused to strike out the evidence, which action was fully warranted after inspection of the paper in connection with her testimony as to consideration and motive, but in submitting the case her credibility was fairly left to the jury : Turner v. Warren, 160 Pa. 336.

The fifth and sixth assignments relate to the testimony of Mrs. Flory, who was similarly situated as Mrs. Jodry, and her release in like form made her competent. The assignments from nine to fourteen inclusive would not determine the final judgment, and the facts were fairly submitted in a charge which presented the case fairly to the jury.

As stated by the court, "unfortunately the original parties, Isaac and his father, are now both dead. No doubt their testimony would make all things clear to us, but after this long lapse of time and their departure from this life we have to search for the truth as best we may."

The issue is between the members of a family and has developed the acerbities usual to such controversies.

The testimony of Mrs. Flory and Mrs. Jodry was of great weight, and with other witnesses fully justified the verdict.

The assignments of error are overruled and the judgment is affirmed.